WATTLES *against* LAIRD.

WATTLES
v.
LAIRD.

THIS was an action of debt on a recognisance of bail. In *August*, 1809, the plaintiff, as endorsee of a promissory note made by *E. B. Cornwell* and *Leonard Barton*, payable to *Thomas Stage*, or order, brought an action against *Stage*, as the endorsor, and, in *November* following, the defendant became *special* bail for *Stage* in that action. The plaintiff recovered judgment against *Stage* in *August*, 1810, and, in the same term, recovered judgment also in a suit against *Cornwell* and *Barton*, the makers. A *fi. fa.* was issued on the last judgment, which was returned, at the next term, satisfied. A *ca. sa.* was issued on the judgment against *Stage*, which was returned *non est*, in *January*, 1811, and the present suit, on the recognisance against the defendant, was commenced in *February*, 1811.

The defendant pleaded *nul tiel record*; payment by *Stage*, the principal, and a set-off of money had and received by the plaintiff to the use of the defendant.

The plaintiff replied *no payment*, and that he did not owe the money pleaded as a set-off.

It was agreed, on a case containing the above facts, that if the court should be of opinion that the defendant, under the pleadings, could give in evidence, at the trial, and avail himself of the money collected by the plaintiff of *Cornwell* and *Barton*, then judgment should be entered for the plaintiff for 24 dollars and 91 cents, being the amount of the costs in the suit against *Stage*. Or, if the court should be of a different opinion, then a judgment should be entered for the plaintiff, for his debt as declared for; and that he should collect on the execution to be issued on such judgment, the sum of 24 dollars and 91 cents, the interest thereon, and the costs of this suit.

*Per Curiam.* The defendant could not, by pleading, set up any of the matters stated in the case, in bar of the suit on the recognisance. The recognisance was strictly forfeited by the return of *non est* to the *ca. sa.* and the recovery of the principal debt in another suit would not discharge the defendant, or his principal, un-

by the makers, in mitigation, so that the damages should be assessed for the costs against the principal; or judgment *pro forma* might be entered for the penalty, taken out for such damages, and the costs of the suit on the recognisance.

*Side note:* Separate suits were brought by the endorsee of a promissory note against the endorsor and maker. In the suit against the endorsor A. became special bail. The plaintiff recovered judgments in both suits, in *August*, 1810, and a *fi. fa.* issued against the maker, was returned, in *November*, 1810, satisfied. A *ca. sa.* was issued against the endorsor, and returned *non est* in *January*, 1810. In an action of debt on the recognisance of bail, his bail pleaded payment and a set-off of the amount paid by the drawers, as money received to his use.

It was held that the recognisance being forfeited, the matters pleaded by the defendant could not be set up in bar to the suit on the recognisance, in which a judgment must be given for the penalty; but the defendant might show the payment only of the suit, and execution

til the *costs* of the suit against his principal were also paid. It is for those costs that the plaintiff must have proceeded in this suit. When he came to have his damages assessed upon the recognisance, the defendant might undoubtedly have given in evidence, in mitigation, the recovery of the debt; and the assessment would then have been only for the costs of the suit against *Stage;* but the judgment would still have been, *pro forma*, for the penalty of the recognisance, and the plaintiff would be entitled to levy on his execution the costs of this suit, and the damages so assessed. Judgment, therefore, must be entered for the plaintiff, according to the latter alternative in the case.

*Judgment accordingly.*